UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA E. SANDERS,<br><br>        Appellant,<br><br>      v.<br><br>US BANK TRUST NATIONAL<br>ASSOCIATION, et al.,<br><br>        Appellees. | Case No. 26-cv-00094-NW<br><br>**ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 4 |

This case stems from decades-long bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of California, including a Chapter 13 petition filed by Appellant Angela E. Sanders ("Appellant").  On January 6, 2026, Appellant, proceeding *pro se*, filed an appeal from the Bankruptcy Court, challenging the Bankruptcy Court's decision granting Appellee US Bank Trust National Association ("Appellee" or "US Bank") relief from an automatic stay imposed pursuant to 11 U.S.C. § 362.  Compl., ECF No. 1.[1]  Lifting the automatic stay permitted US Bank to begin foreclosure proceedings on Appellant's property.

On April 2, 2026, Appellant filed an *ex parte* application and motion for a temporary restraining order ("TRO").  ECF No. 4.  In it, Appellant asks this Court for a stay of the Bankruptcy Court's order pending a decision on appeal, and temporary injunctive relief prohibiting the foreclosure sale of Appellant's property scheduled for April 3, 2026.

Having considered Appellant's briefing and the relevant legal authority, the Court finds this matter suitable for resolution without oral argument.  Civil Local Rule 7-1(b).  The Court DENIES Appellant's motion for a TRO.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

## I.    BACKGROUND

On October 7, 2025, the Bankruptcy Court issued an order granting US Bank relief from an automatic stay pursuant to 11 U.S.C. § 362, permitting US Bank to foreclose upon and obtain possession of Appellant's real property in Rodeo, California.  ECF No. 4-3.  The Bankruptcy Court reasoned that there was cause to grant relief from the stay:

> The purpose of chapter 13 is to repay debts. It is not to prevent creditors from enforcing their rights, or to relitigate issues that the court has examined and determined. This court's review of Debtor's history and conduct results in the inescapable conclusion that this filing is a bad faith continuation of Debtor's efforts to avoid paying the debt owed on the Property. A bad faith filing constitutes cause to grant relief from stay under 11 U.S.C. § 362(d)(1). *Idaho Dep't of Lands v. Arnold* (*In re Arnold*), 806 F.2d 937, 939 (9th Cir. 1986) (citations omitted); *Duvar Apt., Inc. v. Fed. Deposit Ins. Corp.* (*In re Duvar Apt., Inc.*), 205 B.R. 196, 200 (9th Cir. BAP 1996). Thus, cause exists to grant relief from stay.

ECF No. 4-3 at 5.

Appellant filed a motion for reconsideration, which the Bankruptcy Corut denied on December 9, 2025.  ECF No. 4-5.  The Bankruptcy Court held that there was no basis to grant reconsideration because there was no newly discovered evidence, no change in law, and no mistake or excusable neglect.  *Id*.  The Bankruptcy Court noted that "Debtor's insistence on relitigating issues that have been resolved conclusively in this court and on appeal undermines her claim that she is attempting in good faith to repay her debts through this chapter 13 plan and shows that her true intent remains the same – to prevent US Bank from enforcing its rights against her property." *Id*. at 5.

On January 6, 2026, Appellant filed an appeal of the Bankruptcy Court's orders and dismissal of her bankruptcy case.  ECF No. 1.

On February 5, 2026, Appellant was sent a "Notice of Postponement of Trustee's Sale" advising Appellant that a foreclosure sale previously scheduled for February 17, 2026, was continued to April 3, 2026, at 9:00 a.m.  ECF No. 4-2.

On March 18, 2026, the Bankruptcy Court's record on appeal was lodged with the Court. ECF No. 3.  Appellant moved for a TRO on April 2, 2026.  ECF No. 4.

United States District Court
Northern District of California

2

## II.   LEGAL STANDARD

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The moving party must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the party, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

## III.   DISCUSSION

In her motion for a TRO, Appellant asks the Court to:

> 1. immediately enter a temporary administrative stay preserving the status quo pending the Court's consideration of this motion;
>
> 2. stay the Bankruptcy Court's October 7, 2025 Order Granting Motion for Relief From Automatic Stay (Bankr. Dkt. No. 42), October 14, 2025 Order on Motion for Relief From Automatic Stay (Bankr. Dkt. No. 46), December 9, 2025 Order Denying Debtor's Motion for Reconsideration (Bankr. Dkt. No. 104), and December 17, 2025 Order Dismissing Chapter 13 Case (Bankr. Dkt. No. 113) pending appeal;
>
> 3. temporarily enjoin any foreclosure sale, trustee's sale, transfer, eviction, or other act to enforce those orders pending further order of this Court; and
>
> 4. grant such other and further relief as the Court deems just and proper

ECF No. 4 at 10. Appellant argues that emergency relief is warranted because "[t]he trustee's sale

of Appellant's residence is scheduled for April 3, 2026 at 9:00 a.m. If the sale proceeds, Appellant will lose her home before this Court can review the challenged orders." *Id*. at 8.

The Court recognizes the seriousness of the circumstances for Appellant. But Appellant's motion does not adequately show a likelihood of success on the merits. Appellant argues that "the [Bankruptcy] court granted extraordinary relief affecting both immediate foreclosure remedies and future bankruptcy protections while refusing to hear evidence on disputed facts central to the creditor's present right to enforce." *Id*. at 5. Appellant further argues that, in the order denying reconsideration, the Bankruptcy Court "treated Appellant's authority and proof arguments as immaterial, and declined to revisit the factual foundation for the stay-relief ruling." *Id*. at 7. The Court disagrees. Each of the Bankruptcy Court orders that Appellant challenges are well-reasoned and correctly apply the relevant law.

The Bankruptcy Court engaged in a thorough analysis of two grounds to lift the automatic stay. *See* 11 U.S.C. § 362(d)(1) (bankruptcy courts are authorized to lift an automatic stay "for cause, including the lack of adequate protection"); 11 U.S.C. § 362(d)(4) (bankruptcy courts are authorized to grant *in rem* relief from an automatic stay to "prevent schemes" that use bankruptcy to thwart foreclosure). The Bankruptcy Court made multiple findings of "cause," each of which would have been sufficient. Not only did the Bankruptcy Court find that "cause" existed pursuant to 11 U.S.C. § 362(d)(1), the Bankruptcy Court held that Appellant had engaged in "a scheme to continue to live in the Property while not making payments and while actively preventing US Bank from enforcing its rights against the Property" such that relief under 11 U.S.C. § 362(d)(4) was also appropriate. The Court has reviewed the Bankruptcy Court record on appeal and is not able to identify any factual support for Appellant's proposition that the Bankruptcy Court "refus[ed] to hear evidence on disputed facts" that would have resulted in a different outcome for Appellant.

Additionally, Appellant requests *ex parte* relief, but fails to show the need for a TRO without notice to Appellee. A TRO may issue without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the movant

United States District Court
Northern District of California

4

before the adverse party can be heard in opposition, and (2) the movant's attorney (or Appellant herself in this case, as she proceeds *pro se*) certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). These stringent requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc.*, 415 U.S. at 439. Here, Appellant has not alleged any specific facts showing that allowing Appellee to weigh in on her claims will result in "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b)(1). Appellant urges immediate relief is necessary because of the foreclosure sale scheduled for April 3, 2026. ECF No. 28 at 2. But this does not account for why Appellant made no efforts to give Defendant's notice of the motion for a TRO, especially given that Appellant was on notice of the foreclosure sale since at least February 5, 2026.

For the foregoing reasons, Appellant's *ex parte* motion for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

5