UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDERS, | Case No. 26-cv-00094-NW |
| Appellant, | |
| v. | **ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| US BANK TRUST NATIONAL ASSOCIATION, et al. | Re: ECF No. 6 |
| Appellees. | |

On April 2, 2026, Appellant Angela E. Sanders' filed an *ex parte* motion for a temporary restraining order ("TRO"), requesting a stay of an order of the United States Bankruptcy Court for the Northern District of California and temporary injunctive relief prohibiting the foreclosure sale of Appellant's property scheduled for April 3, 2026. ECF No. 4. Several hours later, on April 2, 2026, the Court issued an order denying Appellant's motion for a TRO. ECF Nos. 4-5. The Court found that Appellant had not adequately shown a likelihood of success on the merits and had failed to show the need for a TRO without notice to Appellee US Bank Trust National Association. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65(b)(1).

Following the Court's order, on April 2, 2026, Appellant filed a second *ex parte* motion for a temporary restraining order. ECF No. 6.[1] Appellant's second motion is largely identical to the first but includes a new one-page exhibit attached to Appellant's declaration. The exhibit is an April 2, 2026 email indicating Appellant informed opposing counsel that: "This email provides

---

[1] Having considered Appellant's briefing and the relevant legal authority, the Court finds this matter suitable for resolution without oral argument. Civil Local Rule 7-1(b).

United States District Court
Northern District of California

notice that I am filing an Emergency Motion for a Temporary Administrative Stay . . . ." ECF No. 6-21.

Because this is a second filing of a previously denied motion, the Court construes Appellant's request as a motion for leave to file a motion for reconsideration. A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3). The moving party may not re-argue any written or oral argument previously asserted to the Court, nor should they raise any new arguments not discussed in their original briefs. *Id*., 7-9(c); *Garcia v. City of Napa*, No. 13-3886-EDL, 2014 WL 342085 at *1 (N.D. Cal. 2014); *Arakji v. Microchip Tech. Inc.*, No. 19-2936-BLF, 2019 WL 5626265 at *1 (N.D. Cal. 2019). "Motions for reconsideration are generally disfavored," and they should not "be used to ask the Court to rethink what it has already thought." *Johnson v. Broomfield*, No. 98-CV-04043-SI, 2021 WL 4170683, at *1 (N.D. Cal. Sept. 14, 2021).

Here, Appellant adds a single exhibit (without explanation) showing that Appellant emailed opposing counsel. Appellant had previously included this information in her declaration. *See* ECF No. 4-1 at ¶ 20. Proof of email notice is not a material difference in fact that alters the Court's analysis. The question of notice in evaluating a motion for a TRO is not whether the opposing party has been told that a motion is forthcoming, but whether the opposing party – against whom an injunction will be imposed – has had an opportunity to read the motion, respond, and be heard by the Court. Fed. R. Civ. P. 65(b)(1). *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 433 (1974) (finding that same-day notice provided before a temporary restraining order is issued does not suffice).

Notwithstanding the notice issue, the Court additionally found that Appellant had not shown a likelihood of success on the merits of her claims. The Court reviewed the Bankruptcy Court record and Appellant's arguments and held that Appellant is not likely to be able to

demonstrate that the Bankruptcy Court's orders should be overturned on appeal. This concern alone served as sufficient and independent grounds to deny the motion for a TRO.

Because Appellant does not identify a basis to reconsider the Court's ruling, the motion for a temporary restraining order, construed as a motion for leave to file a motion for reconsideration, is DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3