United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELA E. SANDERS,

Appellant,

v.

US BANK TRUST NATIONAL ASSOCIATION, et al.,

Appellees.

Case No. 26-cv-00094-NW

**DISMISSAL ORDER**

Re: ECF No. 18

This bankruptcy appeal stems from years-long proceedings filed by Appellant Angela E. Sanders ("Appellant") in the United States Bankruptcy Court for the Northern District of California, including three bankruptcy cases going back until at least 2007. The most recent of these is Appellant's 2025 Chapter 13 petition. *See In re Angela E. Sanders*, Case No. 25-bk-41255.

On October 7, 2025, the Bankruptcy Court issued a detailed order granting Appellee US Bank Trust National Association ("Appellee" or "US Bank") relief from an automatic stay pursuant to 11 U.S.C. § 362. Lifting the automatic stay permitted US Bank to begin foreclosure proceedings on Appellant's home in Rodeo, California. ECF No. 1-2. Appellant filed a motion for reconsideration, which the Bankruptcy Court denied on December 9, 2025. *See* ECF No. 1-1 at 8. On December 17, 2025, the Bankruptcy Court granted the Chapter 13 Trustee's motion to dismiss for case deficiencies, and closed Appellant's case. ECF No. 1-2 at 23.[1]

On January 6, 2026, Appellant, proceeding *pro se*, filed an appeal to this Court, challenging the Bankruptcy Court's decisions granting US Bank relief from the automatic stay,

[1] The Bankruptcy Court held a hearing on the motion to dismiss. Case No. 25-41255, ECF No. 113.

denying her motion for reconsideration, and closing her case. ECF No. 1.[2] On the same day, January 6, 2026, the Court issued a scheduling order requiring Appellant to file her opening principal brief within 30 days after the Bankruptcy Court's record was lodged on this Court's docket. ECF No. 2.

On February 5, 2026, Appellant was sent a "Notice of Postponement of Trustee's Sale" advising Appellant that a foreclosure sale previously scheduled for February 17, 2026, was continued to April 3, 2026, at 9:00 a.m. ECF No. 4-2. Appellant filed an *ex parte* application and motion for a temporary restraining order ("TRO") on April 2, 2026, which this Court denied. ECF Nos. 4, 5. Appellant renewed her request for a TRO later the same day, and this Court again denied the TRO. ECF Nos. 6, 10. Later the same day (April 2, 2026), Appellant appealed the Court's denial of her TRO to the Ninth Circuit, which denied her motion the next day. ECF Nos. 7, 11.

Following her April 2, 2026 TRO requests, Appellant did not file anything in her case for months, until August 14, 2026, when she filed a unilateral case management statement ahead of a scheduled case management conference. ECF No. 15.

On September 4, 2026, the Court issued an Order to Show Cause as to why Appellant's case should not be terminated for failure to prosecute. ECF No. 18; Federal Rule of Civil Procedure 41(b). The Court explained that Appellant's opening principal brief had been due on April 17, 2026, but Appellant had not filed her opening principal brief (and still has not to date) nor had she requested an extension.[3]

Appellant opposed the Order to Show Cause on September 18, 2026. ECF No. 20. But, in her opposition, Appellant failed to demonstrate good cause for the missed deadlines, which were now more than five months ago. Appellant did not identify any emergencies or other intervening

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[3] The January 6, 2026 scheduling order had set the deadline for Appellant's opening principal brief as "30 days after notice filed on this District Court's docket that the record is available electronically." ECF No. 2. The Bankruptcy Court record was lodged on the docket on March 18, 2026, ECF No. 3, accordingly, Appellant's principal brief was due on April 17, 2026. Fed. R. Bankr. P. 8018 ("appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically.").

events that kept her from filing her opening brief. Nor did Appellant explain why she failed to request an extension, despite adeptly filing numerous briefs or requests in this Court, the Bankruptcy Court, and the Ninth Circuit. Appellant acknowledges that the Court provided the briefing schedule on January 6, 2026, and set a deadline for her opening brief. Yet, Appellant states that she did not see the briefing schedule until later (she does not identify when) and nevertheless expected the Court to issue another briefing schedule.

The Court concludes that Appellant has failed to demonstrate good cause or excusable neglect for failing to prosecute her case and comply with the Court's scheduling order. Fed. R. Bankr. P. 8018(a)(4) ("If an appellant fails to file a brief on time or within an extended time authorized by the district court . . . the district court . . ., after notice, may dismiss the appeal on its own motion."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."). Accordingly, the Court dismisses Appellant's case without prejudice. The hearing set for September 22, 2026 is VACATED. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Noël Wise
United States District Judge